IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NICHOLAS DUCKIETT a/k/a NICHOLAS DUCKETT a/k/a NICHOLAS BAKER,<br><br>    Plaintiff,<br><br>VS.<br><br>MEMPHIS POLICE DEPARTMENT, ET AL.,<br><br>    Defendants. | No. 14-2682-tmp |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On September 3, 2014, the Plaintiff, Nicholas Duckiett a/k/a Nicholas Duckett a/k/a Nicholas Baker, who was, at the time, a pretrial detainee at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis.* (ECF Nos. 1 & 2.) In an order issued on September 5, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) However, the website for the Shelby County Criminal Court reflects that Plaintiff was released on bond on November 11, 2014. *See* http://jssi.shelbycountytn.gov/ (Indictment # 14 01968). The Shelby County Sheriff's Office also does not list Plaintiff among the inmates at the Jail. *See* http://www.shelby-sheriff.org/injail.html.[1]

---

[1] The Clerk is directed to mail an additional copy of this order to Plaintiff at the address listed on the Criminal Court docket: 990 Parkhaven Lane, Memphis, Tennessee 38111.

Under the PLRA, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. In this case, no portion of the filing fee was paid prior to Plaintiff's release from the Jail. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Plaintiff is ORDERED to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee[2] within thirty (30) days after the date of this order. The Clerk shall mail Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff submits a non-prisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.